UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――
JORGE PATRICIO CENTENO,

                Petitioner,

    -against-

MERRICK B. GARLAND, ATTORNEY GENERAL,

                Respondent.
―――――――――――――――――――――――――――――

22-CV-5328 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, United States District Judge:

    Petitioner Jorge Patricio Centeno submitted this *pro se* petition seeking review of the Board of Immigration Appeals' (BIA) May 26, 2022, order denying his motion to reopen his removal proceedings.[1] For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

## BACKGROUND

    The following facts are taken from the BIA's May 26, 2022, order, which Petitioner attaches to the petition, and public records available on the Executive Office for Immigration Review's Automated Case Information system.[2] Petitioner is a native and citizen of Ecuador. On June 25, 2018, an Immigration Judge ordered Petitioner removed to Ecuador. Petitioner appealed, and on July 2, 2020, the BIA summarily dismissed Petitioner's appeal. On November 12, 2020, the BIA vacated its prior decision summarily dismissing Petitioner's appeal, and dismissed Petitioner's appeal on the merits. On December 11, 2020, Petitioner filed a timely motion to reopen for further consideration of cancellation of removal under section 240A(b)(1)

―――

[1] Petitioner did not include the filing fee or an application to proceed *in forma pauperis* with the petition.

[2] *See* https://acis.eoir.justice.gov/en/. Petitioner's A-Number is A202-035-533.

of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1), based on additional evidence regarding his qualifying relative daughter. On May 26, 2022, the BIA denied Petitioner's motion to reopen. Petitioner filed his petition with this Court on June 23, 2022.

## DISCUSSION

On May 11, 2005, the REAL ID Act of 2005 ("REAL ID Act" or "Act") was enacted. Under the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]." 8 U.S.C. § 1252(a)(5). Similarly, district courts do not have jurisdiction to review BIA decisions denying motions to reopen removal proceedings. *See, e.g.*, *Sai Ping Chen v. Mukasey*, 257 F. App'x 437, 438 (2d Cir. 2007) (holding that "the district court properly concluded that it had no jurisdiction to review [the] habeas petition requesting that the court vacate and reverse the BIA's . . . 2003 decision denying her motion to reopen"). Courts of appeals, however, do have jurisdiction to review such decisions. *Kucana v. Holder*, 558 U.S. 233, 252-53 (2010) (holding that "[a]ction on motions to reopen . . . remain subject to judicial review").

Such a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). For a petition for review of a BIA order denying a motion to reopen to be timely, it must be filed within 30 days after the date of the BIA order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Jalloh v. Gonzales*, 246 F. App'x 83, 84 (2d Cir. 2007) (applying Section 1252(b)(1)'s 30-day deadline to a petition challenging BIA's denial of a motion to reopen); *see also Lin v. I.N.S.*, 78 F. App'x 784, 786 (2d Cir. 2003) ("A petition for review of a final deportation order and a petition for

review of a denial of a motion to reopen involve 'two separate petitions filed to review two separate final orders.'" (quoting *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001)).

The Court concludes that it lacks jurisdiction to consider Petitioner's challenge to the BIA's denial of his motion to reopen, *see* 8 U.S.C. § 1252(a)(5), (b)(2), and that it is appropriate to transfer this petition to the Court of Appeals for the Second Circuit, as it appears to be timely. Petitioner had until June 27, 2022, to file his petition for review in the Second Circuit; that is, 30 days from May 26, 2022, the date that the BIA denied Petitioner's motion. Petitioner filed this petition on June 23, 2022. The Court therefore transfers the petition to the Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States Court of Appeals for the Second Circuit. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 29, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge